UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| The Ice Box Company, Inc., | ) | C/A No. 4:12-28-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Pilot Travel Centers LLC; Hercules Poly, Inc.; Barnes Paper Company; and David Russell, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court[1] on the following discovery motions: Motion to Compel by Defendant Pilot Travel Centers LLC ("Pilot"), ECF No. 49; Motion to Compel by Defendant Hercules Poly Inc. ("Hercules"), ECF No. 52; and Motion to Compel by Plaintiff Ice Box Company, Inc. ("Ice Box" or "Plaintiff"), ECF No. 65. The court conducted a hearing on these discovery motions on November 16, 2012, at which time the court instructed the parties to provide supplemental information regarding the pending Motions and took the Motions under advisement. *See* ECF No. 92. Having considered the parties' filings and arguments, the court enters this Order addressing the Motions.[2]

I.   Brief Background

Plaintiff Ice Box Co. brought this suit concerning alleged improper use of a skating snowman logo on plastic ice bags. Plaintiff claims the skating snowman is a common-law trademark (the "Mark") that it owns "for use in association with Plaintiff's sale of plastic ice bags to wholesalers, brokers and retailers of ice and ice-related products." Compl. ¶ 13; *see*

---

[1] This matter was referred to the undersigned on September 11, 2012, pursuant to the court's Local Civil Rule 73.02(B)(2)(e).
[2] Through their supplemental filings, the parties narrowed the issues presented in the pending Motions. The court considers only those remaining issues.

*generally* Compl. Plaintiff avers that it has used the Mark in association with selling ice bags since 1988, and that Pilot bought bags with the Mark on them in bulk from Plaintiff from 2004 through September 2008. *Id.* ¶¶ 14-16. Plaintiff claims it discovered in 2011 that Pilot continued to use the Mark in selling bags of ice to customers although it was no longer purchasing the bags from Plaintiff. *Id.* ¶ 17. Plaintiff claims that Pilot asked Defendant Hercules to begin manufacturing the imprinted bags and selling them to Pilot. *Id.* ¶ 20.[3]

Plaintiff brings claims pursuant to 15 USC § 1125(a) (Lanham Act) for False Designation of Origin and Unfair Competition as to Defendants Hercules and other Defendants not involved in these discovery motions. Compl. ¶¶ 28-43. Plaintiff brings claims against Pilot, Hercules, and others pursuant to the South Carolina Unfair Trade Practices Act. *Id.* ¶¶ 44-63. Plaintiff sues Hercules and others for intentional interference with prospective contract. *Id.* ¶¶ 64-80. Plaintiff sues Pilot, Hercules, and others for unjust enrichment. *Id.* ¶¶ 74-80.

II. Analysis

In considering discovery matters, the court is mindful that parties in civil litigation generally enjoy broad discovery, as detailed in Federal Rule of Civil Procedure 26(b)(1):

> (b) Discovery Scope and Limits.
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

---

[3] Plaintiff's Complaint also includes allegations and claims against several other Defendants. *See* Compl. ¶¶ 21-27.

evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Parties are to comply with the Federal Rules of Civil Procedure, as well as applicable local court rules in conducting discovery. Rule 37(d)(1)(A)(ii) provides that the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The Rule further provides that a party's failure to act "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Rule 37 (d)(3) provides that when a party fails to serve written responses, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Rule 33 provides, in pertinent part, that "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Guided by these Rules and principles, the court considers the pending Motions to Compel in turn.

### A) Pilot's Motion to Compel (Directed Toward Plaintiff), ECF No. 49

Pilot filed its Motion to Compel on July 30, 2012, seeking the court's order compelling Plaintiff to respond to Pilot's First Set of Interrogatories and First Set of Requests for

Production ("RFPs"). ECF No. 49. Plaintiff did not file a response to Pilot's Motion.[4] Pilot served these Interrogatories and RFPs on March 30, 2012. *Id.* at 1. Plaintiff sought and received an extension of time from Pilot that made its responses due June 3, 2012. *Id.* Plaintiff had not served its responses as of the date Pilot filed its Motion to Compel. *Id.* Plaintiff provided responses to Pilot's discovery on September 7, 2012. *See* ECF Nos. 96 (Pilot's Nov. 19, 2012 Suppl.); 96-1 (Pl.'s Resps. to Pilot's RFPs). In its Supplement to its Motion, ECF No. 96, Pilot informed the court what issues remained outstanding as to its Motion to Compel.

The court hereby GRANTS IN PART and DENIES IN PART Pilot's Motion, as follows:

a) Pilot's request that Plaintiff be required to identify by Bates number which documents are responsive to which of Pilot's RFPs is GRANTED. During the November 16, 2012 hearing, Plaintiff's counsel agreed to provide this information. To the extent this information has not already been provided, Plaintiff is ORDERED to provide this information no later than **December 14, 2012**.

b) As discussed more fully below, Pilot's request that Plaintiff be compelled to produce documents responsive to several specific RFPs[5] is GRANTED in full as to RFPs 1-7, 10-11, 13, 16-18, 22, 26-27, 34-35, 38-39, and 42-43; and DENIED in part as to RFPs 19, 21, 23; 34, and 45; and DENIED in full as to RFPs 20 and 31.

---

[4] A copy of Pilot's First Set of Interrogatories is available at ECF No. 49-1; a copy of Pilot's RFPs at issue is available at ECF No. 49-2. A copy of Plaintiff's Responses to Pilot's RFPs is available at ECF No. 96-1. Except when required for clarity, the court does not replicate the discovery requests at issue in this Order.

[5] Pilot's Supplement to its Motion to Compel raises no issues specific to Plaintiff's responses to its First Set of Interrogatories and does not include a copy of Plaintiff's Responses to Interrogatories. *See* ECF 96. Pilot's argument that Plaintiff has waived all objections to its discovery requests, including interrogatories, is discussed within.

Regarding Pilot's RFPs 1-7, 10-11, 13, 16-18, 22, 26-27, 34-35, 38-39, and 42-43: No later than **December 19, 2012**, Plaintiff is ordered to produce responsive, non-privileged or otherwise protected documents, or to supplement production of such documents, if necessary.

Regarding Pilot's RFPs 19-21, 23, 31, and 45:

> 19. Representative documents disclosing all Persons to whom Plaintiff markets, offers, sells or otherwise provides any products or services under Plaintiffs Mark, including documents sufficient to identify the name, address, and specific contact person or each such Person, the category or class of each such Person, the specific products or services marketed, offered, sold or otherwise provided to each such Person, the dates of any sales of such products or services to each such Person, and the amount, price, and terms of sale related to all sales of such products or services to each such Person.
> RESPONSE: Objection - this Request is overly broad, unduly burdensome and seeks highly confidential, protected information.

**ORDERED**: The court agrees with Plaintiff that Pilot's RFP 19 is overly broad as drafted. Plaintiff is to produce to Pilot documents identifying Persons to whom products with the Mark were sold within the time frame of 2002 to present. Any confidential documents to be produced may be designated as such and produced pursuant to the Confidentiality Order in this matter, ECF No. 71.[6]

> 20. All documents that you believe could be used to impeach the credibility of any witness identified in this proceeding by any party or to impeach any party.
> RESPONSE: Objection - this Request seeks information that is protected by the Work Product Doctrine.

**ORDERED**: The court agrees with Plaintiff that the requested information is protected work product. Plaintiff's objection is sustained.

> 21. Representative documents disclosing all Persons to whom Plaintiff markets, offers, sells or otherwise provides any of Plaintiff's Goods under Plaintiff's Mark, including documents sufficient to identify the name, address, and specific contact person of each such Person, the category or class of each such Person, the specific products marketed, offered, sold or otherwise

---

[6] That confidential documents may be produced pursuant to the Confidentiality Order applies to all productions by all parties and need not be repeated herein again.

> provided to each such Person, the dates of any sales of Plaintiffs Goods to each such Person, and the amount, price, and terms of sale related to all sales of Plaintiffs Goods to each such Person.
> RESPONSE: Objection - this Request is overly broad, unduly burdensome and seeks highly confidential, protected information.

**ORDERED**: The court agrees with Plaintiff that Pilot's RFP 21 is overly broad as drafted. Plaintiff is to produce to Pilot documents identifying Persons to whom Goods under the Mark were sold within the time frame of 2002 to present.

> 23. Representative documents and·things identifying the channels of distribution of any goods or services with which Plaintiff uses or intends to use Plaintiff's Mark.
> RESPONSE: Objection - this Request is vague and confusing.

**ORDERED**: Plaintiff is to produce documents identifying current distributors of products with Mark.

> 31. All documents that refer or relate to any plans of Plaintiff to expand its use of Plaintiffs Mark beyond Plaintiffs Goods, including but not limited to expansion of marketing lines and kinds of products provided.
> RESPONSE: Objection - this Request is overly broad, unduly burdensome and seeks highly confidential, protected information not relevant to the claims or defenses in this action.

**ORDERED**: The court agrees with Plaintiff that this Request seeks information not relevant or reasonably calculated to yield relevant information. Plaintiff's relevancy objection is sustained.

> 45. Your business and marketing plans from 2005 to the present.
> RESPONSE: Objection - this Request is overly broad, unduly burdensome and seeks highly confidential, protected information not relevant to the claims or defenses in this action.

**ORDERED**: The court agrees with Plaintiff that this Request is overly broad and seeks information not relevant or reasonably calculated to yield relevant information. Plaintiff's relevancy objection is sustained, except that Plaintiff is ordered to produce those portions of marketing plans involving use of the Mark to the extent such documents exist.

6

c) Pilot's request that the court find Plaintiff has waived all objections to Pilot's First Set of RFPs pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure is DENIED.

In its Motion to Compel, ECF No. 49 at 2, and its Supplemental Filing, ECF No. 96 at 1, Pilot urges the court to rule that Plaintiff's objections to its First Set of Interrogatories and First Set of RFPs be considered waived pursuant to Rule 33(b)(4). Plaintiff filed no written response to Pilot's Motion to Compel. At the November 16, 2012 hearing, Plaintiff's counsel informed the court that responses had not been provided to Pilot's discovery until September 2012 because of issues concerning the health of Plaintiff's principal. In an affidavit submitted November 20, 2012, Plaintiff's principal, Stephen C. Rhodes, Sr., further explained issues with his health and that of his wife, as well as issues with document management within the company. ECF No. 100-1.

Having considered the parties' positions, the court declines to find Plaintiff has waived objections to Pilot's First Set of Interrogatories or RFPs. ECF No. 96 at 1 (Pilot's citing Rule 33(b)(4) and seeking waiver of Plaintiff's objections to its "first set of discovery requests"). As an initial matter, the court notes that Rule 33(b)(4) concerns interrogatories. Rule 34 contains no similar section regarding RFPs. In any event, the court declines to impose this sanction on Plaintiff. For good cause, the court excuses the party's failure to timely object. However, counsel for the party will be subject to sanctions, as discussed within.

The court finds that Plaintiff's objections to Pilot's discovery requests are not waived.

d) Pilot's request that for an award of reasonable expenses, including attorneys' fees and fees and expenses associated with the filing of its Motion to Compel, *see* ECF No. 49 at 2, is GRANTED.

Rule 37(d)(3) of the Federal Rules of Civil Procedure provides that when a party fails to serve written responses, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The court agrees with Pilot that award of reasonable expenses and attorney's fees to Pilot is appropriate. At the hearing and through the affidavit of Plaintiff's President and sole shareholder Stephen C. Rhodes, Sr., ECF No. 100-1, Plaintiff's counsel has provided explanation of why responses to Pilot's discovery requests were delayed.

The record is undisputed that Plaintiff filed no responses to Pilot's First Set of Interrogatories or RFPs until many months after they were due. *See* ECF No. 96 (Pilot's Suppl. filing indicating discovery served March 20, 2012, Plaintiff received extension until June 3, 2012, but did not serve any responses until September 7, 2012). According to Pilot's Motion to Compel, Pilot's counsel communicated with Plaintiff's counsel by letter on June 18, 2012, seeking the discovery responses, and again by email on June 29, 2012, seeking to meet and confer with Plaintiff's counsel regarding the discovery responses in an effort to alleviate the need to file the pending Motion to Compel. ECF No. 49. Counsel for Plaintiff did not respond to either communication. Further, Plaintiff's counsel never submitted a response to Pilot's Motion to Compel, which was filed July 30, 2012. *See* Local Civ. R. 7.06 (permitting a party 14 days within which to file a response to a motion). It was not until the court's November 16, 2012 hearing on pending discovery matters that Plaintiff's counsel provided the court with any explanation regarding why Plaintiff did not timely respond to discovery. At that time, Plaintiff's counsel relayed some of the reasons his client was unable

to provide full discovery responses in a timely manner. The court notes that the failure of a client to provide sufficient responses is not an acceptable reason for counsel to simply fail to communicate with opposing counsel.

Rule 37(d)(3) provides that, when a party fails to act, "the court must require" the award of reasonable costs and attorney's fees that such failure caused, "unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Based on these facts, the court does not find counsel for Plaintiff's failure to communicate with opposing counsel or failure to respond to Pilot's Motion to be "substantially justified," nor does it find circumstances make such an award "unjust."

Accordingly, counsel for Plaintiff is hereby ordered to pay to Pilot the reasonable expenses, including attorneys' fees that Pilot incurred in filing and prosecuting the Motion to Compel, ECF No. 49. Pilot may submit a written request for reasonable expenses, including an affidavit of costs and fees, by December 28, 2012. The request for fees shall comply with the requirements set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978).

### B) Hercules' Motion to Compel (Directed Toward Plaintiff), ECF No. 52

Hercules filed its Motion to Compel on August 6, 2012, ECF No. 52, seeking the court's order requiring that Plaintiff provide full and complete responses to its First Set of Interrogatories and First Set of RFPs, which it propounded on Plaintiff on April 12, 2012. Counsel for Hercules granted two extensions to Plaintiff's counsel, making Plaintiff's responses due June 20, 2012. *See* ECF No. 52 at 2. After sending a letter to Plaintiff's counsel on July 3, 2012, Hercules' counsel received partial responses to the discovery

requests on July 11, 2012. *See* ECF No. 52-5.[7] In the letter accompanying the responses, Plaintiff's counsel indicated that he had planned to produce all of the responses after the issuance of a confidentiality order, that he was providing the responses at that time pursuant to counsel's "instructions," and that he planned to supplement the responses once a confidentiality order was executed. *Id.* Hercules then sent Plaintiff a letter seeking to cure deficiencies with the responses, ECF No. 52-6, in which counsel cataloged specific issues with Plaintiff's responses and asked that Plaintiff supplement by July 30, 2012. Plaintiff's counsel did not respond to that letter, and Hercules filed its Motion to Compel on August 6, 2012. Plaintiff never filed a response to Hercules' Motion to Compel.

As the court requested at the hearing, Hercules filed a Supplement to its Motion to Compel, ECF No. 98, in which it delineated the remaining deficiencies it perceived with Plaintiff's discovery responses. The court hereby grants Hercules' Motion in part and denies it in part, as follows:

a) Hercules' request that Plaintiff be required to identify by Bates number which documents are responsive to which of Hercules' RFPs is GRANTED. During the November 16, 2012 hearing, Plaintiff's counsel agreed to provide this information. To the extent this information has not already been provided, Plaintiff is ORDERED to provide this information no later than **December 14, 2012**.

b) As discussed more fully below, Hercules' request that Plaintiff be compelled to produce documents responsive to several specific RFPs is GRANTED IN PART and DENIED IN PART, as follows:

---

[7] Plaintiff's responses also included responses to Hercules' First Set of Requests to Admit. *See* ECF No. 52-5. Hercules has raised no issues regarding the responses to the Requests to Admit.

1) **Hercules' RPFs to Plaintiff**

Regarding Hercules' RFPs 2-3, 7-14, 16-18, 20, 22, and 24-29:[8] No later than **December 19, 2012**, Plaintiff is ordered to produce responsive, non-privileged or otherwise protected documents, or to supplement production of such documents, if necessary.

In addition, the court makes the following findings regarding several of Hercules' RFPs to Plaintiff:

> 4. Copies of any and all Plaintiff's Federal and State income tax returns for the past five (5) years. If Plaintiff cannot provide the requested *documents*, please fully complete, execute and return the attached IRS Form Request for Copy of Tax Return (See Exhibit "A").
>
>     RESPONSE: Objection. This Request is overly broad, unduly burdensome and not likely to lead to the discovery of relevant evidence.

**ORDERED**: Plaintiff is to produce the requested documents or, alternatively, complete the IRS form and return to Hercules as set out in Requests.

> 6. Any and all *documents* which relate to Plaintiff's agreement with counsel concerning attorney's fees.
>
>     RESPONSE: Objection. This Request is overly broad, unduly burdensome and not likely to lead to the discovery of relevant evidence.

**ORDERED**: Plaintiff is not required to disclose its attorneys' fee arrangement at this time. Hercules can revisit this request at the time of trial.

> 15. Any and all *documents*, notes, letters, memos, photos, depictions, statements and other written or otherwise recorded materials which support or contradict that the bags with the alleged "mark" are sold by Ice Box to members of the public.
>     RESPONSE: Objection – the term "members of the public" is vague and ambiguous and, as such, Plaintiff is unable to respond to this request.

---

[8] A copy of Hercules' First Set of Interrogatories to Plaintiff is available at ECF No. 52-1; a copy of Hercules' RFPs at issue is available at ECF No. 52-2. A copy of Plaintiff's Responses to Hercules' Interrogatories and RFPs is available at ECF No. 52-5. Except when required for clarity, the court does not replicate the discovery requests at issue in this Order.

**ORDERED**: The court agrees with Plaintiff that this RFP is too vague and ambiguous to permit response. However, the court ORDERS that Hercules may reword this RFP and submit to Plaintiff no later than **December 7, 2012**. Plaintiff's response to any reworded RFP is due no later than **December 19, 2012**.

> 19. Any and all *documents*, notes, letters, memos, photos, depictions, statements and other written or otherwise recorded materials which support or contradict that Plaintiff displays with the alleged "mark" a TM symbol or other indication of any potential violation of rights allegedly held by Plaintiff.
> RESPONSE: Plaintiff has asserted common law trademark rights in the Mark, as more specifically set forth in the Complaint.

**ORDERED**: Plaintiff is to state whether any documents exist that are responsive to this RFP and, to the extent such documents do exist, Plaintiff is to produce such documents.

> 21. Any and all *documents*, notes, letters, memos, photos, depictions, statements and other written or otherwise recorded materials that evidence any and all "prospective contracts" Plaintiff contends existed for Plaintiff, if any, besides the alleged prospective contract with Defendant Pilot.
> RESPONSE: Upon the entry of a Confidentiality Order, Plaintiff intends to produce non-privileged documents to support the claims and defenses alleged by Plaintiff in its pleadings, including its damages.

**ORDERED**: Plaintiff is to provide Hercules with a detailed privilege log in accordance with the Federal Rules of Civil Procedure.

### 2) Hercules' Interrogatories to Plaintiff

Hercules also submits that deficiencies remain with Plaintiff's responses to its First Set of Interrogatories. ECF No. 98 at 4-7. The court refers to these specific claimed deficiencies, *id.*, and to Plaintiff's responses to Hercules' Interrogatories, ECF No. 52-5, and does not set forth the interrogatories or responses at issue herein unless required for clarity. The court ORDERS as follows:

- Plaintiff's Answer to Hercules' Interrogatory 1: Plaintiff is to supplement its response to Interrogatory 1 with its statement of the actual damages it seeks, as presently known to Plaintiff.

- Plaintiff's Answers to Hercules' Interrogatories 3-10: Plaintiff is to identify witnesses as directed in the instructions to Hercules' Interrogatories. Plaintiff is to provide Bates numbers of responsive documents or otherwise specify which documents are responsive pursuant to Rule 33(d)(1) of the Federal Rules of Civil Procedure.

- Plaintiff's Answers to Hercules' Interrogatories 13-17: To the extent they exist, Plaintiff is to identify any witnesses to relevant act or event and identify any responsive documents of such witnesses if such documents exist.

- Plaintiff's Answer to Hercules' Interrogatory 20: Plaintiff is to identify any responsive documents or documentary evidence if such exists.

- Plaintiff's Answers to Hercules' Interrogatories 21-23: Plaintiff is to provide Bates numbers of responsive documents or otherwise specify which documents are responsive pursuant to Rule 33(d)(1) of the Federal Rules of Civil Procedure.

### 3) Hercules' Request that Plaintiff's Objections Be Deemed Waived

Similar to Pilot's request, Hercules argues that Plaintiff's objections to its discovery requests should be deemed waived pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure. ECF No. 98 at 1; *see generally* ECF No. 52 at 2 (Hercules' Mot. to Compel, seeking relief pursuant to Fed. R. Civ. P. 33(b)(2)-(4)).

Plaintiff filed no written response to Hercules' Motion to Compel. As set forth above, at the November 16, 2012 hearing, Plaintiff's counsel informed the court that the delay in

providing discovery responses was because of issues concerning the health of Plaintiff's principal. *See also* ECF No. 100-1 (Aff. of Pl.'s principal describing health and other issues).

The court declines to find Plaintiff has waived objections to Hercules' First Set of Interrogatories or RFPs. For good cause, the court excuses the party's failure to timely object. However, counsel for the party will be subject to sanctions, as discussed within. The court finds that Plaintiff's objections to Hercules' discovery requests are not waived.

### 4) Hercules' Request for Award of Reasonable Expenses

Hercules' request for an award of reasonable expenses, including attorneys' fees and fees and expenses associated with the filing of its Motion to Compel, *see* ECF No. 52 at 2, is GRANTED.

Rule 37(d)(1)(A)(ii) provides that the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The Rule further provides that a party's failure to act "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Rule 37 (d)(3) provides that when a party fails to serve written responses, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The court finds that award of reasonable expenses and attorney's fees to Hercules is appropriate. At the hearing and through the affidavit of Plaintiff's President and sole

shareholder Stephen C. Rhodes, Sr., ECF No. 100-1, Plaintiff's counsel has provided explanation of why responses to Hercules' discovery requests were delayed.

The record is undisputed that Plaintiff filed no responses to Hercules' First Set of Interrogatories or RFPs until many months after they were due. *See* ECF No. 52 (Hercules' Mot. to Compel, indicating Plaintiff provided no responses to Hercules' discovery until July 11, 2012, several months after responses had been due). Further, Plaintiff's counsel did not respond to a letter from Hercules' counsel sent July 23, 2012 in an effort to consult regarding discovery issues prior to filing the instant Motion. Further, Plaintiff's counsel never submitted a response to Hercules' Motion to Compel, which was filed August 6, 2012. *See* Local Civ. R. 7.06 (permitting a party 14 days within which to file a response to a motion). It was not until the court's November 16, 2012 hearing on pending discovery matters that Plaintiff's counsel provided the court with any explanation regarding why Plaintiff did not timely respond to discovery. At that time, Plaintiff's counsel relayed some of the reasons his client was unable to provide full discovery responses in a timely manner. The court notes that the failure of a client to provide sufficient responses is not an acceptable reason for counsel to simply fail to communicate with opposing counsel.

Rule 37(d)(3) provides that "the court must require" the party failing to act on discovery requests, that party's counsel, or both, to pay the "reasonable expenses, including attorney's fees," that such failure caused, "unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Based on these facts, the court does not find counsel for Plaintiff's failure to communicate with opposing counsel or failure to respond to Hercules' Motion to be "substantially justified," nor does it find circumstances make such an award "unjust."

Accordingly, counsel for Plaintiff is hereby ordered to pay to Hercules the reasonable expenses, including attorneys' fees that Hercules incurred in filing and prosecuting the Motion to Compel, ECF No. 52. Hercules may submit a written request for reasonable expenses, including an affidavit of costs and fees, by December 28, 2012. The request for fees shall comply with the requirements set forth in *Barber*, 577 F.2d 216.

### 3) Plaintiff's Motion to Compel (Directed Toward Pilot), ECF No. 65

Finally, the court considers Plaintiff's September 20, 2012 Motion to Compel, ECF No. 65, in which it complains that Pilot's responses Plaintiff's First Set of Interrogatories and First Set of RFPs were deficient. Pilot responded to Plaintiff's Motion on October 8, 2012, ECF No. 73. As requested at the November 16, 2012 hearing, Plaintiff supplemented its Motion by providing copies of Pilot's supplemental responses to Plaintiff's discovery requests, ECF No. 97. Pursuant to arguments at the hearing and the court's review of the parties' memoranda and supplemental filing, Plaintiff's Motion is hereby GRANTED IN PART and DENIED IN PART, as follows:

> 3. Provide the address of all locations from which Pilot caused bags of ice to be sold for each of the following years:
> a. 2008
> b. 2009
> c. 2010
> d. 2011
> ANSWER: Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome, and not likely to lead to the discovery of relevant evidence. Subject to and without waiving said objections, please refer to documents Bates Labeled PTC 00001 to PTC 00263 that indicate the stores receiving ice bags supplied by The Ice Box Co, Inc., Barnes Paper Company, and Hercules Poly, Inc.

Plaintiff submits that Pilot has not provided the requested addresses in its response. ECF No. 97 at 1.

**ORDERED**: Pilot is to supplement its response to Plaintiff's Interrogatory 3 to provide addresses of stores receiving ice bags supplied by Plaintiff, Defendant Barnes Paper Company, and Hercules;

> 4. For each location listed in the preceding Interrogatory, set forth specifically and in detail the following information for each of the years 2008, 2009, 2010 and 2011:
> a. Total gross sales of bags of ice;
> b. Total costs for the plastic bags that held the ice that were sold; and
> c. Total net profits on the sale of bags of ice.
>
> ANSWER: Defendant objects to this Interrogatory to the extent that it is overly broad and unduly burdensome, and not likely to lead to the discovery of relevant evidence. The total cost for the bags of ice sold in the years 2008-2011, including ice bags purchased from The Ice Box Company, Inc., is $452,169.01. This amount does not include five orders from The Ice Box Company, Inc. between July 18, 2008 to August 29, 2008 because this information is not available.

Plaintiff submits that Pilot should be required to provide the requested total gross sales information. ECF No. 97 at 1.

**ORDERED**: Pilot is to supplement its response to Plaintiff's Interrogatory 4 to provide gross sales figures for bags of ice bearing Plaintiff's Mark;

Regarding Pilot's responses to Plaintiff's RFPs, Plaintiff submits Pilot has not provided all available information responsive to RFPs 6, 7, or 9. Specifically, Plaintiff submits Pilot has not provided all internal emails and purchase orders. ECF No. 97 at 2.

**ORDERED**: Pilot is to supplement, if necessary, its responses to Plaintiff's RFPs 6, 7, and 9; Pilot is further ORDERED to provide Plaintiff with a privilege log as applicable;

Plaintiff also specifically seeks that Plaintiff be required to produce all documents related to its total gross sales of bags of ice in response to Plaintiff's RFP 8(b).

**ORDERED**: Pilot is to produce responsive information, limited to bags of ice bearing Plaintiff's Mark.

III.   Conclusion

Pilot's Motion to Compel, ECF No. 49, Hercules' Motion to Compel, ECF No. 52, and Plaintiff's Motion to Compel, ECF No. 65, are each GRANTED IN PART AND DENIED IN PART as set forth above. As more fully discussed above, the parties are to comply with these deadlines:[9] no later than December 7, 2012, Hercules is to provide a reworded RFP 15 to Plaintiff, which Plaintiff must answer by December 19, 2012; no later than December 14, 2012, Plaintiff is to provide Bates-number designations of responsive documents to Pilot and Hercules; no later than December 19, 2012, all parties' are to serve supplemental responses as ordered within; and no later than December 28, 2012, Pilot and Hercules are to submit requests for costs and attorneys' fees as set forth within.

IT IS SO ORDERED.

December 5, 2012                                                          Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

---

[9] Should the parties require an extension of remaining deadlines in the court's Amended Scheduling Order, ECF No. 80, they are to consult and submit a joint motion for an extension that proposes revised deadlines.